IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INSTITUTE FOR MOTIVATIONAL LIVING, )
INC., )
   )
      Plaintiff, )
   )
   vs. )  Civil Action No. 06-0828
   )
SYLVAN LEARNING CENTER, INC., )
   )
      Defendant. )

## MEMORANDUM OPINION and ORDER

Gary L. Lancaster,
District Judge.                    January 31, 2008

This is a breach of contract case. The dispute between plaintiff, Institute for Motivational Living, Inc. ("IML") and defendant, Sylvan Learning Center, Inc. ("Sylvan"), concerns a license agreement in which IML developed customized assessment tests and accompanying software for Sylvan to use in its various learning centers across the country. IML alleges that Sylvan, inter alia, infringed on IML's copyrighted material in violation of the Copyright Act, 17 U.S.C. § 101 et seq. [Doc. No. 88]. IML seeks statutory damages and attorneys' fees, under 17 U.S.C. §§ 504 and 505, in connection with its claim for copyright infringement.

Sylvan has filed a motion to dismiss IML's claim for statutory damages and attorneys' fees pursuant to Rule 12(b)(6). [Doc. No. 126]. For the reasons discussed below, Sylvan's motion to dismiss will be denied without prejudice.

I.  BACKGROUND

IML is a training and publishing company that develops and publishes assessments for education, business and personal growth, including testing materials which assess learning styles and personality types. Sylvan provides tutoring services to children, primarily in the areas of reading and mathematics, through personalized lesson programs.

IML created at least two customized assessment tests (hereinafter, "Assessments") for Sylvan to use in its learning centers. The Assessments are derivatives of already existing copyrighted IML works which were registered in 1997. The Assessments were published as of February 2004 and the related copyright registrations were made in May and June of 2006.

IML alleges that Sylvan infringed on these copyrighted Assessments in 2004 and 2005 when Sylvan made copies of the Assessments and distributed them to Sylvan employees during Sylvan Learning Center conferences without IML's permission and in violation of the parties' license agreement, entitled "License Agreement Governing Use of Customized Materials" (hereinafter, "License Agreement"). IML further alleges that Sylvan and its employees have engaged in a large number of unauthorized uses of the Assessments, the full extent of which remains unknown.

II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a complaint need not contain detailed factual allegations. However, as the Supreme Court recently stated, the grounds for entitlement to relief "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (citations omitted); see also, Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).

To evaluate a motion to dismiss, the court may consider the allegations contained in the complaint, exhibits attached to or incorporated by reference into the complaint, matters of public record and records of which the court may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., Ltd., --- U.S. ----, 127 S.Ct. 2499, 2509 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Any "matters incorporated by reference or integral to the claim" also may properly be regarded by the court without converting the motion to dismiss to one for summary judgment. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles A.

3

Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)). Accordingly, on a motion to dismiss, the court may consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document" since "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." <u>Pension Benefit</u>, 998 F.2d at 1196 (citation omitted).

It is according to this standard that the court has reviewed Sylvan's motion to dismiss.

III. <u>DISCUSSION</u>

Pursuant to 17 U.S.C. §§ 504 and 505, the owner of a valid copyright may recover statutory damages and/or attorneys' fees in connection with an action for copyright infringement.[1] However, 17 U.S.C. § 412 places limits on such recovery based on when the work is registered:

> no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--
> (1) any infringement of copyright in an

---

[1] To state a claim for copyright infringement, the plaintiff must allege two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. <u>Feist Publications, Inc. v. Rural Telephone Service Co.</u>, 499 U.S. 340, 361 (1991); <u>Dam Things from Denmark v. Russ Berrie & Co., Inc.</u>, 290 F.3d 548, 561 (3d Cir. 2001).

4

> unpublished work commenced before the effective date of its registration; or
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412. Sylvan claims that IML cannot obtain statutory damages and attorneys' fees because its works were not timely registered.

According to Sylvan, all the alleged instances of infringement occurred by January 2005. IML did not register the copyrights in the allegedly infringed Assessments until at least May 2006. IML, Sylvan argues, is therefore barred from seeking statutory damages and/or attorneys' fees in connection with its claim for copyright infringement.

In response, IML contends that its 1997 registrations, for the original work, are the operative registrations for purposes of a section 412 analysis. IML asserts that it only sought additional certificates of registration in 2006 out of an abundance of caution and on the advice of counsel, not because the Assessments were not covered by the 1997 registrations. IML argues that it is entitled to statutory damages and attorneys' fees because its registrations were effective in 1997, nearly a decade before Sylvan's infringement.

While the parties do not discuss the relationship of an original copyright and a derivative copyright, the court finds it necessary to do so.

5

The Copyright Act defines a "derivative work" as:

> ...a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgement, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship is a "derivative work".

17 U.S.C. § 101. The Act further provides that the copyright in the derivative work is "independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material." 17 U.S.C. § 103(b). See also Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1220 (9th Cir. 1997); Durham Indus. Inc., v. Tomy Corp., 630 F.2d 905, 909 (2d Cir. 1980); see also 1 Nimmer on Copyright § 3.04[A] ("If the underlying work is itself protected by copyright, then the copyright in the derivative work or collective neither nullifies nor extends the protection accorded to the underlying work").

To be considered derivative, a secondary work must be substantially similar to the original work, yet sufficiently original to warrant its own copyright. L. Batlin & Son, Inc. v. Snyder, 536 F.2d 486 (2d Cir. 1976) (holding that a plastic Uncle Sam bank, a derivative of similar banks existing in the public domain, was insufficiently original to support a copyright);

William A. Graham Co. v. Haughey, 430 F. Supp. 2d 458, 471-72 (E.D. Pa. 2006) (noting that a derivative work must contain distinguishable variations from preexisting work).

A copyright in a derivative work protects only those elements that are original to the derivative work. Dam Things from Denmark, 290 F.3d at 563 (noting that an author's right to protection of a derivative work only extends to the elements that he or she has added to the work); see also 1 Nimmer on Copyright § 3.07[A][2] ("Copyright in a derivative work attaches only to that original material which is added to or incorporated in the underlying work, and not in the underlying work itself"). "[I]f an author attempts to copyright a novel, e.g. about Cinderella, and the story elements are already in the public domain, the author holds a copyright in the novel, but may receive protection only for his original additions to the Cinderella story." Stewart v. Abend, 495 U.S. 207, 234 (1990).

This case presents unique facts in that IML owns the original copyright as well as the derivative copyright and the alleged copyright infringement occurred between the registrations of the original copyright (in 1997) and the derivative copyright (in May - June 2006). Sylvan contends that IML has admitted that the new Assessments were significantly different by registering them as derivative works. Therefore, according to Sylvan, the 1997 registrations are for "different" works and are irrelevant under section 412. Sylvan's reasoning is flawed. First, Sylvan

overlooks the relationship and the distinction, albeit a fine one, between an original work and a derivative work. In its argument, Sylvan skips an important step and makes an unjustifiable leap from the fact that derivative works must be sufficiently original to warrant their own copyright to the conclusion that the derivative works registered in 2006 contained no material protected by the original 1997 registration.

Registration of a derivative work has no effect on the registration for the original work. 17 U.S.C. § 103(b). Copyrights in derivative works only protect the original elements of such works and not preexisting material. Dam Things from Denmark, 290 F.3d at 563; Haughey, 430 F. Supp. 2d at 471.

Accordingly, assuming Sylvan's acts of infringement started "no later than January 2005," as alleged, any new material in the 2006 derivative copyrights (and thus not protected by the 1997 copyrights) would have been registered after the alleged copyright infringement; therefore, IML may not recover statutory damages and attorney's fees as to this new material. On the other hand, any preexisting material in the 2006 derivative copyrights (and thus protected by the 1997 copyrights) would have been registered prior to the alleged copyright infringement; therefore, IML may recover statutory damages and attorney's fees as to this preexisting material.

This begs the question: what new material exists in the 2006 copyrights and did Sylvan infringe the original material, the

new material, or both? Without a more fully developed record as to the differences between the 1997 and 2006 copyrights, the court cannot answer that question. IML argues that the 2006 derivative copyright only included "clarifications and reading level changes" to the 1997 original works. Sylvan argues that the 2006 copyrights must be "significantly different" from the 1997 works in order for IML to have registered them as derivative works. This is not a matter to be resolved in the context of a 12(b)(6) motion.

IV. CONCLUSION

The court cannot say that, on the face of the pleadings, IML has failed to state a claim for statutory damages and/or attorneys' fees upon which relief can be granted or that IML can prove no set of facts that would entitle it to said relief. Accordingly, Sylvan's motion to dismiss IML's claims for statutory damages and attorneys' fees under 17 U.S.C. §§ 504 and 505 [Doc. No. 126] will be denied without prejudice.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INSTITUTE FOR MOTIVATIONAL LIVING, )
INC., )
 )
     Plaintiff, )
 )
  vs. ) Civil Action No. 06-0828
 )
SYLVAN LEARNING CENTER, INC., )
 )
     Defendant. )

ORDER

AND NOW, this 31st day of January, 2008, IT IS HEREBY ORDERED that defendant Sylvan Learning Center, Inc.'s motion to dismiss plaintiff's claims for statutory damages and attorneys' fees under 17 U.S.C. §§ 504 and 505 [Doc. No. 126] will be DENIED without prejudice.

BY THE COURT:

Gary L. Lancaster
United States District Judge

cc: All counsel of record