IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INSTITUTE FOR MOTIVATIONAL LIVING, )
INC., )
 )
      Plaintiff, )
 )
  vs. ) Civil Action No. 06-0828
 )
SYLVAN LEARNING CENTER, INC., )
 )
      Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                              January 31, 2008

      This is a breach of contract case. Plaintiff, Institute for Motivational Living, Inc. ("IML") alleges that defendant, Sylvan Learning Center, Inc. ("Sylvan"), breached the parties' license agreement, infringed on IML's copyrighted material in violation of the Copyright Act, 17 U.S.C. § 101 et seq., and breached the implied covenant of good faith and fair dealing. Sylvan has filed a motion for summary judgment seeking judgment on IML's copyright infringement claim. [Doc. No. 129]. For the reasons set forth below, the motion will be denied.

I.    BACKGROUND

      IML is a training and publishing company that develops and publishes assessments for education, business and personal growth, including testing materials that assess learning styles and

personality types. Sylvan provides tutoring services to children, primarily in the areas of reading and mathematics, through personalized lesson programs. Sylvan offers students a "Study Skills Program," which is designed to help them develop strategies to achieve their goals.

IML and Sylvan entered into an agreement in 2001 entitled "Plan of Action and Agreement to Engage Customization Services" in which the parties agreed to develop customized testing materials for students, as well as customized training materials for instructors. These materials, collectively referred to as the "Assessments," are IML's copyrighted material. The Plan of Action provided that Sylvan would pay IML a royalty of $3.50 for each student who took the customized Assessment tests.

IML and Sylvan executed a "License Agreement Governing Use of Customized Materials" (hereinafter, "License Agreement"), in connection with the Plan of Action, which essentially provided that Sylvan could reproduce and use IML's Assessments in its student and instructor training programs.[1] The parties amended the License

---

[1]

The License Agreement provides, in pertinent part:
 1) UPON FULL PAYMENT OF ALL CHARGES FOR CUSTOMIZATION, Client shall have the exclusive right to reproduce and resell the materials customized for Client ("MATERIALS") to its franchisees for use in student and instructor training programs. All other rights not specifically granted, including but not limited to the creation of derivative works is and shall remain vested in the Publisher. Such license shall be perpetual, irrevocable, worldwide and fully paid up.
 2) Client shall purchase from the publisher all MATERIALS

2

Agreement through addenda in August 2002 and July 2004.

The Second Addendum reduced the royalty payments to $1.00, required Sylvan to deliver and track usage of the Assessments through Sylvan's internet-based system, mandated that the Assessments be part of Sylvan's Study Skills Program, and required Sylvan to use its "best efforts" to promote the Assessments to all other Sylvan students (outside the Study Skills Program) in all of its learning centers. The Second Addendum also included the following provision:

> License Duration. Sylvan shall have a perpetual license to use the Materials, including the Assessments, provided under the Agreement, as amended, provided that Sylvan complies with the terms of the Agreement, as amended, and remains current on all reporting and payment obligations.

[Doc. No. 131-6, Exh. E at ¶8].

Sylvan began administering the Study Skills Program, which included the customized Assessments, to students at Sylvan Learning Centers in January 2005. Dissatisfied with the number of reported Assessment usages by Sylvan students, in February of 2006, IML inquired as to what Sylvan had done to promote the Assessments. Sylvan responded that it distributed the Assessments to several

---

for use by the Client's franchisees. Client shall only be authorized to resell MATERIALS purchased from Publisher the MATERIALS to Client's franchisees.
3) Client will not remove, cause to be removed, obscure, deface, cover, or in any other manner obfuscate Publisher's copyright notice on the MATERIALS used by the client.
[Doc. No. 131 at ¶ 5, Exh. C].

hundred Sylvan employees at conferences in September 2004 and January 2005 and encouraged the employees to take the Assessment tests. IML regarded Sylvan's use of the Assessments at the conferences as unlicensed usage in violation of the parties' License Agreement, which permitted only students to take the Assessments.

Due to this unlicensed usage, Sylvan's consistently late royalty payments and usage reports, and IML's suspicions that Sylvan was not using its best efforts to promote the Assessments, IML initiated an audit of Sylvan's records under the License Agreement. According to IML, Sylvan refused to cooperate with the audit, forcing IML to file this lawsuit.

About six months later, Sylvan sent a letter to IML terminating the License Agreement. In response, IML filed an amended complaint alleging that Sylvan breached the License Agreement by, inter alia, failing to track use of the Assessments, failing to promote the Assessments, failing to require use of the Assessments by Study Skills students, and by refusing to permit IML to conduct an audit. IML claims that Sylvan began breaching the License Agreement "almost since the time that the Second Addendum was signed" in July of 2004. IML also pleads a copyright infringement claim. IML claims that the copying and Sylvan employees' use of the Assessments at the conferences in 2004 and 2005 was totally outside the scope of the license. IML also claims

4

that because Sylvan's license to use the Assessments terminated upon Sylvan's material breach of the License Agreement, any use of the Assessments after that time was unlicensed.

Sylvan filed the instant motion seeking the dismissal of IML's amended copyright infringement claim on two grounds: (1) IML cannot set forth a prima facie case of copyright infringement because Sylvan's use of the Assessments was authorized; and (2) IML cannot bring a copyright infringement claim based upon the same copyrighted materials (the Assessments) covered by a contract. Sylvan posits that IML can only bring a breach of contract claim for Sylvan's alleged breaches of the License Agreement.

II. STANDARD

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted). Similarly, summary judgment is improper so long as the dispute over the material facts

is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

To demonstrate entitlement to summary judgment, defendants, as the moving parties, are not required to refute the essential elements of the plaintiff's cause of action. Defendants need only point out the absence or insufficiency of plaintiff's evidence offered in support of those essential elements. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once that burden has been met, plaintiff must identify affirmative evidence of record that supports each essential element of his cause of action. If plaintiff fails to provide such evidence, then he is not entitled to a trial, and defendants are entitled to summary judgment as a matter of law.

It is on this standard that the court has reviewed the instant motion for summary judgment, filings in support, and the responses thereto.

III. DISCUSSION

To establish a claim for copyright infringement, a plaintiff must show ownership of a valid copyright and the

unauthorized copying of the copyrighted work. Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc., 797 F.2d 1222, 1232 (3d Cir. 1986). There is no dispute in this case that a valid copyright exists in the Assessments. There is also no dispute that Sylvan copied and distributed Assessments to Sylvan employees in September 2004 and January of 2005 and continued to use the Assessments throughout 2006. Sylvan asserts, however, that it did so with the express and implied authorization of IML pursuant to the terms of the License Agreement. As such, according to Sylvan, IML cannot establish the second element of a copyright infringement claim. Indeed, a license is a defense to a copyright infringement claim. Lowe v. Loud Records, No. 01-1797, 2003 WL 22799698 at *2 (E.D. Pa. Nov. 20, 2003).

Sylvan's reasoning, however, disregards IML's claim for breach of contract. Pursuant to the Second Addendum, Sylvan possessed a "perpetual license to use the Materials, including the Assessments, provided under the Agreement, ... provided that Sylvan complies with the terms of the Agreement ... ." [Doc. No. 131-6, Exh. E at ¶8]. IML argues that because Sylvan breached the Licensing Agreement, the Agreement is void; Sylvan never had permission to use the Assessments and Sylvan's acts constitute infringement.

"A plaintiff ... may consistently recover damages for breach of a licensing agreement to pay for each use of a protected

7

work and for copyright infringement based on any use which exceeds the scope of the license." Bieg v. Hovnanian Enterprises, Inc., No. 98-5528, 1999 WL 1018578, at *6 (E.D. Pa. Nov. 9, 1999) (citation omitted) (citing numerous cases in accord). Here, IML not only alleges that Sylvan exceeded the scope of the License Agreement when it permitted its employees to take the Assessment tests; IML claims that <u>any</u> use of the Assessments by Sylvan constituted an infringement because Sylvan's breach voided the License Agreement. Such a claim may properly lie. "[T]he fact that a party has licensed certain rights to its copyright to another party does not prohibit the licensor from bringing an infringement action where it believes the license is exceeded or the agreement breached. ... [A]n infringement claim may be brought to remedy unauthorized uses of copyrighted material." Tasini v. New York Times Co., Inc., 206 F.3d 161, 170-71 (2d Cir. 2000).

Construing the facts in favor of the non-movant, Sylvan's alleged breach of the License Agreement and unauthorized employee use of the Assessments, renders any subsequent use a possible copyright infringement. The court finds that there remains a genuine dispute over material facts with respect to IML's claim for copyright infringement based upon Sylvan's use of the Assessments because factual questions remain surrounding Sylvan's alleged breach of the Agreement. For instance, factual questions remain as to whether and when Sylvan failed to track use of the Assessments,

8

failed to use its "best efforts" to promote the Assessments, and failed to require use of the Assessments by Study Skills students. Therefore, summary judgment is not warranted as to this issue.[2]

Sylvan also argues that IML's continued assertion that Sylvan had a contractual obligation to promote the Assessments constituted an implied license to use the Assessments. A non-exclusive license may be granted orally or implied from conduct. MacLean Assocs., Inc. v. Wm. M. Mercer-Meidinger-Hanson, Inc., 952 F.2d 769, 779 (3d Cir. 1991). Issues of fact exist, however, as to whether an implied license existed after Sylvan breached the Agreement and, if so, whether Sylvan's use of the Assessments went beyond the scope that implied license. See MacLean, 952 F.2d at 779 (holding that the licensor can still bring suit for copyright infringement if the licensee's use goes beyond the scope of the implied license).

IV. CONCLUSION

Accordingly, based on the foregoing, defendant Sylvan Learning, Inc.'s motion for summary judgment on plaintiff's amended copyright infringement claim [Doc. No. 129] will be denied. An appropriate Order follows.

---

[2] IML raises the issue of the election of remedies in its sur-reply brief, to which Sylvan subsequently replied. This issue has not yet been thoroughly briefed. The court, therefore, declines to comment as to the applicability of the election of remedies at this time.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INSTITUTE FOR MOTIVATIONAL LIVING, INC.,

    Plaintiff,

vs.

SYLVAN LEARNING CENTER, INC.,

    Defendant.

Civil Action No. 06-0828

## ORDER

AND NOW, this 31st day of January, 2008, IT IS HEREBY ORDERED that defendant Sylvan Learning Center, Inc.'s motion for summary judgment on plaintiff's amended copyright infringement claim [Doc. No. 129] is DENIED.

BY THE COURT:

/s/ Gary L. Lancaster
Gary L. Lancaster
United States District Judge

cc: All counsel of record