IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INSTITUTE FOR MOTIVATIONAL LIVING, )
INC., )
 )
      Plaintiff, )
 )
  vs. )  Civil Action No. 06-0828
 )
SYLVAN LEARNING CENTER, INC., )
 )
      Defendant. )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                         June 5, 2008

This is a breach of contract case brought by plaintiff, Institute for Motivational Living, Inc. ("IML") against defendant, Sylvan Learning Center, Inc. ("Sylvan"). In addition to asserting various claims for monetary damages, IML moved for a preliminary injunction seeking, <u>inter alia</u>, Sylvan's return or destruction of IML's copyrighted materials [Doc. No. 105]. On February 7, 2008, this court entered an order granting in part, and denying in part, IML's motion for preliminary injunction [Doc. No. 203]. IML has filed a motion to hold Sylvan in contempt for violation of that preliminary injunction order [Doc. No. 213]. For the reasons stated below, IML's motion will be DENIED.

A plaintiff must prove three elements by clear and convincing evidence to establish that a party is liable for civil contempt: (1) that a valid order of the court existed; (2) that

defendant had knowledge of the order; and (3) that defendant disobeyed the order. Roe v. Operation Rescue, 54 F.3d 133, 137 (3d Cir. 1995) (citation omitted). Here, there is no dispute that the February 7, 2008 order is a valid order of court and that Sylvan had knowledge of it. The issue is whether IML can prove, by "clear and convincing evidence," that Sylvan disobeyed the order.

The subject order directs Sylvan to immediately notify all Sylvan centers that Sylvan has been directed "to discontinue use of any and all IML Assessments, IML reference materials and/or IML training materials, including all such materials in the custody, possession or control of any Sylvan Learning Center" [Doc. No. 203]. The order includes nine separate paragraphs enumerating specific instructions for Sylvan:

> IT IS FURTHER ORDERED THAT defendant Sylvan Learning Center, Inc., as well as its officers, directors, counsel, agents, employees, successors, and assigns:
>
> a. Disable the capability within the EOS system that allows individual Sylvan Learning Centers to print the Assessment reports;
>
> b. Notify each Sylvan center, including both franchised and corporate-owned centers, to discontinue use of the EOS System until such time as the disablement of the print functionality of each center is effectuated;
>
> c. Reactivate the reporting function of the EOS System at each of the Sylvan Learning Centers;
>
> d. Destroy all CD-Rom's containing IML Assessments, IML reference materials or IML training materials, including all such materials in the possession, custody or control of any Sylvan Learning Center;

2

> e.  Destroy all paper training materials, user manuals and paper versions of the IML Assessments that currently exist at each of the Sylvan Learning Centers;
>
> f.  Disable all functions in the EOS System, Sylvan's SLC Link, or any of its on-line systems which make reference to the IML Assessments;
>
> g.  Eliminate all references to IML and/or the IML Assessments in Sylvan's materials and documents supplied to or made available to or at any Sylvan Learning Center;
>
> h.  Gather and collect all previous versions of the EOS system that referred to any IML Assessments, reports or materials to prevent any future reinstallation of the version of the EOS software containing access to IML materials, including the Assessments; and
>
> i.  File with the court a declaration attesting to Sylvan's compliance with subsections (a) through (h) of this Order on or before March 14, 2008.

[Doc. No. 203]. The wording of the order was, in large measure, taken directly from IML's proposed order submitted with its motion for preliminary injunction [Doc. No. 105].

IML does not argue that Sylvan has failed to comply with any of the nine mandates as stated. Rather, the basis for IML's motion is Sylvan's refusal to send Sylvan representatives to all of the Sylvan centers to confirm the centers' compliance with the order. IML contends that "the only satisfactory way to ensure the collection and destruction of IML materials was by having Sylvan field reps go to each and every franchise center" [Doc. No. 214 at

3

15]. As such, according to IML, Sylvan's failure to send Sylvan representatives to each and every Sylvan center constitutes noncompliance with the court's order. However, no such mandate is included in the court's order. While the court superficially addressed in its preliminary injunction opinion Sylvan's resistance to sending representatives to all of the Sylvan centers, nowhere does the order mention sending Sylvan representatives to the centers [Doc. No. 203]. To construe the order as requiring Sylvan to send representatives to its centers to ensure compliance with subsections (e), (g) and (h) would unduly expand the scope of the order. Because the order does not require Sylvan to send representatives to its centers, its failure to do so is not evidence of disobedience.

There is simply no evidence that Sylvan has failed to comply with the mandates of the order. Therefore, IML has not proved, by "clear and convincing evidence," that Sylvan has disobeyed the order.

Accordingly, IML's motion to hold defendant in contempt for violation of preliminary injunction [Doc. No. 213] is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record