IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

INSTITUTE FOR MOTIVATIONAL LIVING, )
INC., )
                                   )
        Plaintiff,                 )
                                   )
    vs.                            )  Civil Action No. 06-0828
                                   )
SYLVAN LEARNING CENTER, INC.,      )
                                   )
        Defendant.                 )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                 June 18, 2008

This is a breach of contract case brought by plaintiff, Institute for Motivational Living, Inc. ("IML") against defendant, Sylvan Learning Center, Inc. ("Sylvan"). In addition to asserting various claims for monetary damages, IML moved for a preliminary injunction seeking, <u>inter alia</u>, Sylvan's return or destruction of IML's copyrighted materials [Doc. No. 105]. On February 7, 2008, this court entered an order granting in part, and denying in part, IML's motion for preliminary injunction [Doc. No. 203]. IML has filed a motion for award of attorneys' fees and litigation costs seeking to recoup the monies expended in pursuing the injunction [Doc. No. 210]. For the reasons stated below, IML's motion will be DENIED.

"Under the 'American Rule,' parties to litigation are to pay their own attorneys' fees, absent statutory authority and a

court order providing otherwise." People Against Police Violence ("PAPV") v. City of Pittsburgh, 520 F.3d 226, 231 (3d Cir. 2008) (citation omitted). The Federal Copyright Act provides such authority:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The district court is entrusted with considerable discretion in determining whether to award such fees under the Copyright Act. Lieb v. Topstone Industries, Inc., 788 F.2d 151, 155 (3d Cir. 1986) ("the statutory authorization is broad and evidences an intent to rely on the sound judgment of the district courts.") The Court of Appeals for the Third Circuit, however, has provided the district courts with some guidance by instructing that the following factors should play a part in the court's decision to award fees: frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. Id. at 156.

Considering these factors and the circumstances of this case, the court does not find that an award of attorneys' fees and costs is warranted at this time. In particular, the

court has taken into consideration the following in reaching this decision: (1) evidence relating to Sylvan's efforts, before IML filed for injunctive relief, to prevent continued use of IML's Assessments; and (2) the substantial decline in Sylvan's use of Assessments before IML filed for injunctive relief. While the adequacy of Sylvan's efforts is disputed, the record indicates that Sylvan did take various steps to discontinue use of the Assessments shortly after sending its January 18, 2007 letter terminating the parties' contract. The record also indicates that Sylvan's use of the Assessments began to sharply decline beginning in January 2007 and that the decline continued in February, March and April of 2007. As such, this is not a situation where Sylvan continued regular, blatant, and unauthorized use of IML's Assessments until IML moved for injunctive relief or until Sylvan was ordered to stop by the court. For these reasons, the court finds that an award of attorneys' fees against Sylvan is not warranted.

IML cites PAPV, a civil rights case, in support of its motion. However, this is a business dispute, not a civil rights case. See Lieb, 788 F.2d at 155 (noting the "[s]ubstantially different policy considerations" between the Civil Rights Attorney's Fees Award Act of 1976 and the attorney's fees provision in the Copyright Act.) Given the

3

nature of the parties and claims involved here, the court is not persuaded by PAPV.

Accordingly, IML's motion for award of attorneys' fees and litigation costs [Doc. No. 210] is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record